**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CARMINE CORRIERI,

                              Plaintiff,

        - v -                                            Civ. No. 9:16-CV-0085
                                                                      (TJM/DJS)

CRAWFORD, *Deputy Superintendent of Security;*
*Gouverneur Correctional Facility*; D. VENETTOZZI,
*Special Housing/Inmate Disciplinary Program*,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

CARMINE CORRIERI
Plaintiff, *Pro Se*
324 Raimond Street
Yaphank, New York 11980

HON. ERIC T. SCHNEIDERMAN                 RYAN W. HICKEY, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      On January 25, 2016, Plaintiff Carmine Corrieri initiated this *pro se* civil action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Gouverneur Correctional Facility. Dkt. No. 1, Compl. At the time Plaintiff initiated the action, he was no longer incarcerated as he had been released on parole, and was residing in Yaphank, New York. Dkt. Nos. 1-3 (envelope containing Complaint with return address)

& 14-3 (printout of DOCCS Inmate Information).

After Defendants filed their Answer, I issued a Mandatory Pretrial Discovery Scheduling Order, which, *inter alia*, set forth the various deadlines for the progression of this matter, including a discovery deadline of November 13, 2016, and dispositive motion filing deadline of January 4, 2017. Dkt. No. 11. Within that Order, I also gave Defendants permission to take Plaintiff's deposition, further noting that Defendants must still comply with the notice requirements of Federal Rule of Civil Procedure 30(b)(1). *Id*. at pp. 4-5. The Order also contained the following admonition:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

*Id*. at p. 5.

On December 23, 2016, Defendants filed a Motion pursuant to Federal Rule of Civil Procedure 37, seeking sanctions, in the form of dismissal or some monetary sanction, due to Plaintiff's failure to appear and participate in his two prior scheduled depositions. Dkt. No. 14. According to the Motion, on two separate occasions during the discovery period, Defendants scheduled a deposition of the Plaintiff and served Plaintiff with notice. On each of those occasions, however, Plaintiff did not appear nor provide any indication for his non-appearance either before or after the scheduled dates.

A response to Defendants' Motion was due by January 6, 2017. When no response had been received, the Court reviewed the Docket and realized that an incorrect notice had been sent to Plaintiff from the Clerk of the Court, Dkt. No. 15, which, in addition to advising of the filing of the Motion and his deadline to respond, Plaintiff was also advised that he was "entitled to file a response

to [the] motion, and [that] the court may benefit from such a response, [but he was] not required to do so." *Id*. This Notice, however, pertains to motions filed pursuant to Federal Rule of Civil Procedure 12, whereas the Motion filed by Defendants was pursuant to Federal Rule of Civil Procedure 37, wherein Defendants seek sanctions for Plaintiff's failure to attend two previously noticed depositions. Although dismissal is one of the sanctions sought by the Defendants, I determined that it was improper for this Notice to be served as it potentially left Plaintiff with the impression that the Court would be evaluating the adequacy of his Complaint, with or without a response from him.[1] The pending Motion, however, is not directly concerned with the merits of Plaintiff's claims, but rather with the manner in which Plaintiff is prosecuting this action.

In light of the improper Notice sent to Plaintiff, and in light of his *pro se* status, I *sua sponte* extended Plaintiff's deadline to respond to the Defendants' Motion to July 14, 2017. Dkt. No. 16. In that Order, I further warned Plaintiff that if he did not submit a response to the Defendants' Motion, it may be construed as evidence of his effective abandonment of the case, which could result in a recommendation of dismissal. *Id*. A copy of that Order was served upon Plaintiff by certified mail, return receipt requested; and on June 19, 2017, the Court received that returned receipt, which was signed by the Plaintiff. Dkt. No. 17. To date, Plaintiff has not opposed Defendants' Motion.

Because Plaintiff's actions, or rather inaction, concern his failure to abide by Court Orders and attend his properly noticed depositions, I first start with Federal Rule of Civil Procedure 37(b)(1), which states, "[i]f the court where the discovery is taken orders a deponent to be sworn or

---

[1] The Notice further advised Plaintiff that he was under no obligation to respond because "motions to dismiss are generally evaluated by considering the complaint and other documents incorporated by reference within or attached to it." Dkt. No. 15.

to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately

frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, I must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendants' Motion and the entire Docket Report, I find that Plaintiff has exhibited an apparent unwillingness to participate in this litigation. The Court's Scheduling Order was clear as to what would constitute adequate notice with regard to Plaintiff's deposition. And, in accordance with those parameters, Defendants twice provided clear notice to Plaintiff as to when his deposition would occur. There is no indication that Plaintiff did not receive proper notice of his scheduled depositions, and yet, he failed to contact the Defendants' counsel to alert him as to any difficulty he faced in appearing, thus causing Defendant to incur unnecessary costs.[2]

Although the Court provided Plaintiff with an opportunity to respond to Defendants' Motion for Sanctions, Plaintiff has failed to do so and has not given any indication to the Court of his intentions to prosecute this matter. Indeed, it appears to this Court that Plaintiff has abandoned his pursuit of this action. With the passing of the discovery deadline, Plaintiff's behavior has invariably prejudiced the Defendant's ability to properly defend this matter. Plaintiff has patently ignored the

---

[2] Counsel indicates that the Office of the Attorney General incurred $162.00 in court reporter fees as a result of Plaintiff failing to appear for his depositions. Dkt. No. 14-2, Ryan W. Hickey, Esq., Decl., at ¶¶ 11 & 17, & Ex. F.

Court's Order directing him to participate in discovery and in his deposition in good faith. The Court has provided ample warnings to Plaintiff, and yet, Plaintiff has scoffed at these warnings and chosen not to oppose Defendants' request for dismissal. Just as the Court's dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and I will not direct Defendant to incur any further unnecessary costs associated with an action that Plaintiff ostensibly, given his failure to defend against the Motion, has no desire to litigate. Given Plaintiff's behavior and inattention to Court Orders, I am left with only one suitable sanction – dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendant's Motion to Dismiss and for Sanctions (Dkt. No. 14) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(e).

Date: August 11, 2017
  Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge